IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth R. Price, | ) | C/A No.: 1:20-1873-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Brianna N. Burns, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Kenneth R. Price ("Plaintiff"), proceeding pro se and in forma pauperis,

filed an amended complaint alleging Brianna N. Burns ("Defendant") violated

his constitutional rights. [ECF No. 8]. By order dated June 10, 2020, service of

process of the complaint was authorized. [ECF No. 11]. On September 28, 2020,

the summons for Defendant was returned unexecuted. [ECF No. 17]. In the

"Remarks" section of the Forms USM-285, the United States Marshals Service

("USMS") indicated the South Carolina Department of Corrections ("SCDC")

Office of General Counsel could not accept service on behalf of Defendant

because she was terminated. *Id*. The undersigned issued an order advising

Plaintiff that the USMS was unable to serve Defendant without additional

information. [ECF No. 18].

Plaintiff filed a motion for an extension requesting additional time to file

a summons and noting he could have named as defendants the Lieutenant or

Major. [ECF No. 20]. He provided one Form USM-285 with both the names of

a lieutenant and major on it. [ECF No. 21]. Plaintiff has not made any allegations in his amended complaint against the individuals he listed on the Form USM-285. To the extent Plaintiff seeks to sue Defendant's supervisors, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiff also states he wants to sue SCDC as Defendant's employer. [ECF No. 20]. As discussed in the court's May 19, 2020 order, Plaintiff has not stated a valid federal claim against SCDC. [ECF No. 6]. He may wish to dismiss this case and pursue an action against SCDC in state court.

2

Plaintiff's motion for an extension is granted and he is permitted until October 20, 2020, to advise the court if he wishes to proceed in this case, and if so, to file the appropriate documents.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 5, 2020                     Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

3